UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
SM LINE CORPORATION,

                Plaintiff,                        REPORT AND
                                                  RECOMMENDATION
   -against-                           21 CV 5247 (DG)(RML)

YMM NAPOLI IMPORT INC.,

                Defendant.
--------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated January 6, 2022, the Honorable Diane Gujarati, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted and that plaintiff be awarded $67,770 in damages, plus prejudgment interest.

## BACKGROUND AND FACTS

        Plaintiff SM Line Corporation ("plaintiff") commenced this action against defendant YMM Napoli Import Inc. ("defendant") on September 21, 2021, pursuant to the Shipping Act of 1984, as amended, 46 U.S.C. § 40101, *et seq.* (Complaint, dated Sept. 21, 2021 ("Compl."), Dkt. No. 1.) Plaintiff is a common carrier that transported cargo by ocean vessel for defendant in March and April of 2021. (Id. ¶ 6, Ex. A.) According to the complaint, plaintiff billed defendant a total of $67,770, which defendant has failed to pay. (Id. ¶ 8.)

        Plaintiff served defendant with the summons and complaint on October 1, 2021 at its principal place of business in Brooklyn, New York. (Affidavit of Service of Luis Arriaga, sworn to Oct. 4, 2021, Dkt. No. 6.) Defendant did not answer or move with respect to the complaint, and on November 2, 2021, the Clerk of the Court noted defendant's default pursuant

to Rule 55(a) of the Federal Rules of Civil Procedure.  (Clerk's Entry of Default, dated Nov. 2, 2021, Dkt. No. 9.)

## DISCUSSION

A.  Jurisdiction

28 U.S.C. § 1333(1) grants federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction[.]"  Maritime jurisdiction is appropriate in a contract dispute where the contract relates "to the navigation, business or commerce of the sea." Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York, 822 F.3d 620, 632 (2d Cir. 2016) (citation omitted); see also North Pac. S.S. Co. v. Hall Bros. Marine Ry. & Shipbuilding Co., 249 U.S. 119, 125 (1919) (the "true criterion" for purposes of civil maritime jurisdiction is "the nature of the contract, as to whether it have reference to maritime service or maritime transactions"); CMA CGM (Am.) L.L.C. v. Peekay Int'l, Inc., No. 08 CV 1854, 2008 WL 4876853, at *1 (E.D.N.Y. Nov. 12, 2008) (noting that federal courts have original jurisdiction for a breach of an international shipping contract).  This case concerns shipments of goods by ocean vessel from China to the United States.  (Bills of Lading, attached as Ex. 3 to the Affirmation of Rick A. Steinberg, Esq., dated Nov. 2, 2021 ("Steinberg Aff..").)  It therefore plainly meets the requirements for maritime jurisdiction.

B.  Liability

Following a default, the court must accept as true all of the well-pleaded factual allegations in the complaint, except those relating to damages.  See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  However, before

entering a default judgment, the court must determine whether those factual allegations, taken as true, establish a defendant's liability as a matter of law. Finkel, 577 F.3d at 84.

In order to establish a breach of a maritime contract, "a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." OOCL (USA) Inc. v. Transco Shipping Corp., No. 13 CV 5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (quoting Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011)). Plaintiff has adequately alleged each of these four elements. (See Compl. ¶¶ 6-14.) Plaintiff has also submitted a "Shipper's In-Bound Credit Agreement," signed by defendant's principal, Josh Mandil, on April 16, 2019, as well as a number of bills of lading and a document entitled "Conditions of Carriage." (See Steinberg Aff., Exs. 2-5.) These establish that there was a contract between plaintiff and defendant, that plaintiff performed its obligations by shipping the goods, and that defendant breached the contract by failing to pay.[1]

    C.  Damages

To establish damages on a default, "[t]here must be an evidentiary basis for the damages sought by plaintiff," and the court may rely on a review of affidavits and documentary evidence. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012). In computing damages for a breach of contract, a plaintiff is entitled to an amount "necessary to put the plaintiff in the same economic position plaintiff would have occupied had the breaching party performed the contract." Town

---

[1] Plaintiff did not file a memorandum of law as required by Local Rule 7.1(a)(2). While the court could deny the motion for default judgment without prejudice on this ground (see, e.g., Pompey v. 23 Morgan II, LLC, No. 16 CV 2065, 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017)), that result would cause unnecessary delay in what is a straightforward matter.

& Country Linen Corp. v. Ingenious Designs LLC, No. 18 CV 5075, 2022 WL 2757643, at *6 (S.D.N.Y. July 14, 2022) (citations omitted); see also Adams v. Lindblad Travel, Inc., 730 F.2d 89, 92 (2d Cir. 1984). In this case, plaintiff seeks $67,770 in damages, the amount defendant would have paid plaintiff for its provision of ocean freight services. (See Steinberg Aff. ¶ 8, Exs. 5, 6.) Plaintiff has submitted documentation to support that amount, and I respectfully recommend that the request be granted.

In maritime cases such as this, courts generally award prejudgment interest to prevailing plaintiffs. See Ingersoll Milling Machine Co. v. M/V Bodena, 829 F.2d 293, 310-11 (2d Cir. 1987) (prejudgment interest "should be granted in the absence of exceptional circumstances") (citation omitted); MSC Mediterranean Shipping Co. S.A. v. Airlift Marine Servs. PVT Ltd., No. 18 CV 10788, 2022 WL 123589, at *11 (S.D.N.Y. Jan. 13, 2022) ("Prejudgment interest is normally awarded in maritime cases[.]")(citation omitted). The rate of prejudgment interest is to be determined by the court in its sound discretion. Id.; see also Great Lakes Bus. Tr. v. M/T Orange Sun, 855 F. Supp. 2d 131, 155-56 (S.D.N.Y. 2012) (collecting standards that have been used to determine the rate of prejudgment interest, including by reference to Treasury Bill rates, average prime rates, and statutory rates of the forum state), aff'd, 523 F. App'x 780 (2d Cir. 2013). Plaintiff does not request a specific interest rate or point to language in any of the documents providing for a rate of interest. I therefore recommend, for ease of calculation, that prejudgment interest be awarded at the statutory rate prescribed by New York law, which is nine percent. N.Y. C.P.L.R. § 5004. "Interest shall be computed from the earliest ascertainable date the cause of action existed[.]" N.Y. C.P.L.R. § 5001(b). In this case, that is May 2, 2021, the day after the latest due date on the unpaid invoices. (See Compl., Ex.

A.) I therefore respectfully recommend that plaintiff be awarded prejudgment interest at the rate of nine percent per annum from May 2, 2021 to the date of entry of judgment.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted and that plaintiff be awarded $67,770 in damages, plus prejudgment interest at the rate of nine percent per annum from May 2, 2021 to the date of entry of judgment. Any objection to this report and recommendation must be filed electronically, with courtesy copies to Judge Gujarati and to my chambers, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 5, 2022